UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH MONDANO, et al.,

                Plaintiffs,

v.

DAVID C. BANKS, et al.,

                Defendants.

24 Civ. 8241 (DEH)

**MEMORANDUM OPINION AND ORDER**

DALE E. HO, United States District Judge:

    Plaintiff Joseph Mondano is the parent and natural guardian of L.M., a student with disabilities who is currently enrolled at the International Institute for the Brain ("iBRAIN"). On October 30, 2024, Plaintiff filed the Complaint, pursuant to the Individuals with Disabilities Education Act ("IDEA"), seeking an order, *inter alia*, compelling the New York City Department of Education (the "DOE") and its then-Chancellor, David C. Banks[1] (collectively, "Defendants") to fund L.M.'s special transportation services to iBRAIN. Compl. at 14-15, ECF No. 1. On June 3, 2025, Plaintiff filed an emergency motion for a temporary restraining order ("TRO"); six days later, Plaintiff withdrew the motion. *See* ECF Nos. 40, 45. On June 18, 2025, Plaintiff filed another motion for a TRO and preliminary injunction, which remains pending. *See* ECF No. 50. Defendants responded on June 30, *see* ECF No. 53, and Plaintiff did not file a reply by the deadline set by the Court, *see* ECF No. 52. In his motion, Plaintiff seeks an order requiring Defendants to immediately fund L.M.'s placement at iBRAIN for the 2024-2025 school year, including tuition and special transportation services. *See* Pl.'s Mem. Supp. Mot. TRO ("Pl.'s Mem.") at 1, ECF No.

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the caption of this case shall be updated to reflect that David C. Banks is no longer Chancellor of the New York City Department of Education.

51. For the reasons explained below, the motion for a TRO and preliminary injunction is **DENIED**.

Plaintiff argues that the IDEA's "stay-put" provision "acts as an automatic preliminary injunction" that entitles them to the relief requested, *i.e.*, immediate funding for tuition and transportation. Pl.'s Mem. at 13. But as the Second Circuit has squarely held:

> The IDEA's stay-put provision entitles families to automatic relief with respect to educational placement but not with respect to payments. Parents seeking educational payments may still be entitled to automatic injunctive relief if they can show that a delay or failure to pay has threatened their child's placement. But absent such a showing, the IDEA does not compel the state to accelerate its disbursement of funds.

*Mendez v. Banks*, 65 F.4th 56, 59 (2d Cir. 2023), *cert. denied*, 144 S. Ct. 559 (2024).[2] Plaintiff's failure to acknowledge the Second Circuit's holding in *Mendez* is surprising given that one of Plaintiff's counsel was counsel for plaintiffs in that case, who also sought immediate funding for their pendency placements at iBRAIN. *See id.* at 58. Because Plaintiff has not shown that any delay in payment has threatened L.M.'s placement at iBRAIN, Plaintiff's automatic injunction argument fails.

The Court therefore turns to the traditional preliminary injunction factors. To obtain a preliminary injunction, plaintiffs must show (1) "a likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the plaintiffs' favor," (2) "that they are likely to suffer irreparable injury in the absence of an injunction," (3) "that the balance of hardships tips in their favor," and (4) "that the public interest would not be disserved by the issuance of a preliminary injunction." *Id.* at 64. "A showing of probable irreparable harm is the single most important

---

[2] All references to Rules are to the Federal Rules of Civil Procedure. In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

prerequisite for the issuance of a preliminary injunction." *Ogunleye v. Banks*, No. 23 Civ. 9092, 2025 WL 1078301, at *1 (S.D.N.Y. Mar. 27, 2025) (quoting *Reuters Ltd. v. United Press Int'l*, 903 F.2d 904, 907 (2d Cir. 1990)). "Irreparable harm is an injury that is not remote or speculative but actual and imminent, and for which a monetary award cannot be adequate compensation." *Tom Doherty Assocs., Inc. v. Saban Ent., Inc.*, 60 F.3d 27, 37 (2d Cir. 1995).

Here, no such showing has been made. Plaintiff has made no showing that schooling or related services for L.M. were or continue to be at risk for the 2024-2025 school year. As Defendants point out, L.M. "attended iBrain throughout the 2024-2025 school year that has just ended, and Plaintiff does not allege otherwise." Defs.' Mem. Opp'n Pls.' Mot. Prelim. Inj. at 10, ECF No. 53. Rather than present any evidence tending to show that L.M.'s continued enrollment at iBRAIN has been jeopardized by Defendants' alleged nonpayment, Plaintiff offers only the conclusory argument that "L.M.'s educational placement has been placed at risk due to DOE's failure to make timely payments." Pl.'s Mem. at 23. That assertion is simply too speculative to support a finding of irreparable harm.

"Because this dispute is about educational *funding*—not educational *placements*— Plaintiffs are unable to show that their harm is irreparable." *Mendez v. Banks*, No. 22 Civ. 8397, 2022 WL 6807537, at *1 (S.D.N.Y. Oct. 11, 2022), *aff'd*, 65 F.4th 56. As in other cases decided in this District where "Plaintiffs have failed to allege that the delay in disbursing funds will affect the students' educational placements in any way," *id.*, the Court holds that a preliminary injunction should not issue here. *See, e.g.*, *Ogunleye*, 2025 WL 1078301, at *2 (declining to issue a preliminary injunction against the DOE and its Chancellor after noting that "[a]bsent a showing that the students are at risk of losing their . . . placements, money damages can provide an adequate remedy in the underlying suit"); *Abrams v. Carranza*, No. 20 Civ. 5085, 2020 WL 4504685, at *1 (S.D.N.Y. Aug. 5, 2020) ("While the parties apparently have certain disputes over payment . . .

such a dispute does not implicate irreparable harm, at least where, as here, there is no imminent threat to the educational services themselves.").

Because Plaintiff fails to demonstrate irreparable harm, the Court need not reach the parties' additional arguments to decide this motion. The absence of irreparable harm is fatal to the motion; Plaintiff's motion for a TRO and preliminary injunction is therefore **DENIED**.

The Clerk of Court is respectfully requested to terminate ECF No. 50. Further, in accordance with Federal Rule of Civil Procedure 25(d), the Clerk of Court is respectfully directed to substitute Chancellor Melissa Aviles-Ramos for Chancellor David C. Banks as Defendant and to update the docket accordingly.

SO ORDERED.

Dated: July 17, 2025

    New York, New York

_____
DALE E. HO
United States District Judge
