UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH MONDANO, *individually and as parent and natural guardian of* L.M.,

                 Plaintiff,

-v-

DAVID C. BANKS, *et al.*,

                 Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/30/2025

**ORDER**

24-CV-8241 (DEH) (HJR)

**HENRY J. RICARDO, United States Magistrate Judge.**

The Court is in receipt of Plaintiff's Memorandum of Law in Support of the Motion for Summary Judgment, ECF No. 27 ("Plaintiff's Memorandum" or "Pl's Mem."), Defendants' Memorandum of Law in Support of Their Motion for Summary Judgment and in Opposition to Plaintiff's Motion for Summary Judgment, ECF No. 35 ("Defendants' Memorandum" or "Ds' Mem."), Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment, ECF No. 37 ("Plaintiff's Opposition" or "Pl's Opp."), and Defendants' Reply Memorandum of Law in Further Support of Their Motion for Summary Judgment, ECF No. 48 ("Defendants' Reply" or "Ds' Reply").

Plaintiff's Memorandum appeals IHO[1] White's August 2, 2024 Amended Pendency Order (the "Amended Pendency Order"). Pl's Mem. at 7.[2] On August 30, 2024, IHO White issued an FOFD (the "August 30 FOFD"), which Plaintiff

---

[1] Abbreviations used herein are contained in Plaintiff's Memorandum.

[2] Page numbers cited herein refer to those numbers included in the ECF header stamp at the top of the filed document.

1

appealed. *Id.* at 12. The FOFD was affirmed by SRO Krolak on December 30, 2024 (the "December 30 SRO Decision"). *Id.* On May 12, 2025, Plaintiff appealed SRO Krolak's decision in a separate proceeding, *Shevchenko, et al. v. Aviles-Ramos, et al.*, No. 25-CV-3960 (JAV) (OTW) (the "May 12, 2025 Appeal"). *See* Dkt. No. 1.

Having reviewed the submissions of the Parties, the briefing does not address how the August 30 FOFD, December 30 SRO Decision, or the May 12, 2025 Appeal affect the appeal of the Amended Pendency Order in the instant action. The Parties are therefore directed to submit supplemental letter briefs not to exceed ten single-spaced pages by **November 20, 2025**, addressing the following:

- Plaintiff argues that "[b]ecause [the Amended Pendency Order] involves pendency . . . Plaintiff need not exhaust administrative remedies before seeking review in this Court." Pl's Opp. at 6. As noted above, Plaintiff appealed the August 30 FOFD, which makes determinations on the same issues presented in the appeal of the Amended Pendency Order. Specifically, the August 30 FOFD addresses Plaintiff's requested relief for "funding of special education transportation . . . as per the transportation contract between the Parent and the transportation company" and here Plaintiff asks the Court to "direct[] Defendants to fund L.M.'s special transportation pursuant to the terms of Plaintiff's agreement with the transportation provider." ECF No. 36-2 at 3; Pl's Mem. at 24. Plaintiff's pursuit of two simultaneous appeals of the same issue creates a risk of

inconsistent determinations. Can both appeals be pursued simultaneously, or does the Amended Pendency Order effectively merge into the August 30 FOFD such that the proper appeal is from the August 30 FOFD?

- The two appeals contain overlapping issues. Indeed, Defendants argue here that "any further appeal of the SRO decision is now time-barred," while that very issue is being litigated in the May 12, 2025 Appeal. Ds' Reply at 3; *see also Shevchenko, et al. v. Aviles-Ramos, et al.*, No. 25-CV-3960 (JAV) (OTW), Dkt. No. 17 ¶¶ 13–36 (requesting the Court grant an extension of time to appeal the December 30 SRO Decision.). Can both appeals be pursued simultaneously given that Defendants' argument in this proceeding hinges on an issue that is also being litigated in the May 12, 2025 Appeal?

- "Under IDEA, the pendency inquiry focuses on identifying the student's then current educational placement." *Arlington Cent. Sch. Dist. v. L.P.*, 421 F. Supp. 2d 692, 696 (S.D.N.Y. 2006) (citations omitted). The Second Circuit has defined "then current placement" as "the last agreed upon placement at the moment when the due process proceeding is commenced." *Id.* (citations omitted). To determine a child's then-current placement, a court may look to: "(1) the placement described in the child's most recently implemented IEP; (2) the operative placement actually

functioning at the time when the stay put provision . . . was invoked; or (3) the placement at the time of the previously implemented IEP." *Doe v. E. Lyme Bd. of Educ.*, 790 F.3d 440, 452 (2d Cir. 2015) (cleaned up). However, pendency can be superseded "if there is an agreement between the parties on placement during the course of a proceeding . . . ." *Arlington*, 421 F. Supp. 2d at 696–97 (S.D.N.Y. 2006) (citations omitted). Plaintiff argues that the controlling pendency determination is SRO Decision No. 22-150, as modified by Judge Cronan in Case No. 22-CV-07519. Pl's Mem. at 8. Defendants argue that the issue of pendency is moot in light of the December 30 SRO decision. Ds' Opp. at 15. Explain why the "then current placement" should or should not be:

- The placement and services described in L.M.'s 2023–2024 IEP.
- The placement and services described in L.M.'s 2024–2025 IEP.
- The operative placement and services functioning when the due process proceeding was commenced.
- The settlement agreement entered into by the parties in *Mondano, et al. v. Banks, et al.*, 24-CV-3266 (MMG).
- The settlement agreement entered into by the parties in *Mondano, et al. v. Banks, et al.*, 22-CV-7519 (JPC).

4

Further, the Parties are instructed to confer and to jointly submit by **November 20, 2025** the documents listed below, which may be sealed or redacted in accordance with the undersigned's Individual Rules and Practices for Civil Cases:

- Exhibits referenced in the Amended Pendency Order. *See* ECF No. 4-5 at 5.
- L.M.'s IEP for the 2023–2024 school year.
- L.M.'s IEP for the 2024–2025 school year.
- The settlement agreement entered into by the parties in *Mondano, et al. v. Banks, et al.*, 24-CV-3266 (MMG).
- The settlement agreement entered into by the parties in *Mondano, et al v. Banks, et al.*, 22-CV-7519 (JPC).

Finally, the undersigned will hold oral arguments regarding the Parties' submissions on **December 9, 2025** at **10:00 a.m.** in Courtroom 21D, 500 Pearl Street, New York, New York.

Dated: October 30, 2025
    New York, New York

Henry J. Ricardo
United States Magistrate Judge