UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| |
|---|
| JOSEPH MONDANO, individually and on behalf of L.M., |
| Plaintiff, |
| v. |
| DAVID C. BANKS, et al., |
| Defendants. |

24 Civ. 8241 (DEH) (HJR)

**MEMORANDUM
OPINION AND ORDER**

DALE E. HO, United States District Judge:

This is a case brought under the under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq*. (the "IDEA").  The parties have cross-moved for summary judgment.  On July 10, 2024, Magistrate Judge Ricardo issued a Report and Recommendation (the "Report"), ECF No. 72, recommending that: (1) Plaintiff Joseph Mondano's motion for summary judgment, ECF No. 26, largely be granted; (2) Defendants' motion for summary judgment, ECF No. 34, be denied; and (3) this case be remanded for determinations consistent with the Report.  *See* ECF No. 72.

On January 20, 2026, the parties filed objections to the Report.  *See* ECF Nos. 74 (Defs.' Obj.), 75 (Pl.'s Obj.).  For the reasons stated below, the objections are **OVERRULED**, and the Report is **ADOPTED** in full.

**LEGAL STANDARDS**

**A. Report and Recommendation**

In reviewing a magistrate judge's report and recommendation, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  A district judge is required to "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to" by any party.  Fed. R. Civ.

P. 72(b)(3).  To warrant *de novo* review, the objections must be "specific" and "address only those portions of the proposed findings to which the party objects."  *Pineda v. Masonry Constr., Inc.*, 831 F. Supp. 2d 666, 671 (S.D.N.Y. 2011).[1]

When a party has not properly made objections, for instance, by making "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers, it] will not suffice to invoke *de novo* review." *Owusu v. N.Y. State Ins.*, 655 F. Supp. 2d 308, 313 (S.D.N.Y. 2009).  Rather, if "a party's objections are conclusory or general, or simply reiterate original arguments, the district court reviews [a report and recommendation] for clear error." *Pineda*, 831 F. Supp. 2d at 671; *see also Owusu*, 655 F. Supp. 2d at 313 (explaining that, when a court is considering objections that "merely re-assert arguments already submitted to the Magistrate Judge, this Court need only review the Report and Recommendation for clear error."); *Pinkney v. Progressive Home Health Servs.*, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) ("To the extent, however, that the party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report strictly for clear error . . . . [N]o party [should] be allowed a 'second bite at the apple' by simply relitigating a prior argument."); *Vega v. Artuz*, No. 97 Civ. 3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) (noting that if the district court engaged with objections that are "general and conclusory and [this] would reduce the magistrate's work to something akin to a 'meaningless dress rehearsal'").

For those portions to which no such objection is made, a district court need only satisfy itself that there is no "clear error on the face of the record." *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 n.4 (2d Cir. 2022)

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

**B. Summary Judgment**

Summary judgment is only appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson*, 477 U.S. at 247. "A genuine factual dispute exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Truitt v. Salisbury Bank and Tr. Co.*, 52 F.4th 80, 85 (2d Cir. 2022). The moving party "bears the initial burden of demonstrating the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party demonstrates that no genuine factual dispute exists, the burden shifts to the nonmoving party, who must either "cit[e] to particular parts of the record" to demonstrate a genuine factual dispute, Fed. R. Civ. P. 56(c)(1)(A), or "show[] that the materials cited do not establish the absence . . . of a genuine dispute." *Id.* 56(c)(1)(B); *see also Anderson*, 477 U.S. at 250 ("[T]he adverse party must set forth specific facts showing that there is a genuine issue for trial"); *Horror Inc. v. Miller*, 15 F.4th 232, 240 (2d Cir. 2021) ("[W]hen a motion for summary judgment is supported by documentary and testimonial evidence, the nonmoving party may not rest upon mere allegations or denials—rather, he must present sufficient probative evidence to establish a genuine issue of material fact.").

## DISCUSSION

The Court assumes familiarity with the facts of this case, which are set forth in the Report. *See* Report at 4-10. The Court addresses the parties' respective objections in turn.

**A. Timeliness of Plaintiff's Appeal**

First, Defendants argue that the Report erred in concluding that Plaintiff's appeal of the Amended Pendency Order to this Court was timely. That objection is overruled. The Report correctly stated:

> "[T]he IDEA does not provide a statute of limitations for permissibly unexhausted IDEA claims brought directly in federal court. . . . Instead, courts in the Second Circuit have applied a three-year statute of limitations borrowed from N.Y. C.P.L.R. § 214(2) to permissibly unexhausted IDEA claims." *C.Q. v. N.Y.C. Dep't of Educ.*, No. 21 Civ-3, 2024 WL 4979293, at *4 (S.D.N.Y. Dec. 3, 2024) (citing *Piazza v. Fla. Union Free Sch. Dist.*, 777 F. Supp. 2d 669, 688 (S.D.N.Y. 2011)).

Report at 14. Here, the Impartial Hearing Officer (IHO) entered the Amended Pendency Order on August 2, 2024, and the FOFD was issued on August 30, 2024. Obviously, this case was filed within three years of both of those dates, and therefore there can be no dispute that it is timely under a three-year statute of limitations.

Defendants nevertheless argue that this case is untimely, citing 8 NYCRR § 279.4(a), which provides for 40 days for review of an IHO decision. *See* Defs.' Obj. at 2-3. But that provision refers to the time to appeal an IHO decision to a state review officer ("SRO"), not the time to file an appeal of an "unexhausted" claim in federal court. And this case involves a "permissibly unexhausted" claim because it is based on pendency. *See De Paulino v. N.Y.C. Dep't of Educ.*, 959 F.3d 519, 531 (2d Cir. 2020). Defendants cite no authority for the proposition that 8 NYCRR § 279.4(a)'s 40-day time limit applies to an unexhausted pendency claim brought in federal court. Accordingly, this objection is overruled.

### B. The Basis of Pendency

Defendants next argue that the Report incorrectly concluded that the SRO Decision 22-150 and the 2024 summary judgment decision in the related case, No. 22 Civ. 7519, formed the basis of pendency in this case, rather the SRO Decision 23-312. But the Report noted, and Defendants do not deny, that "Defendants failed to present this argument in the briefing of the two cross-motions. Instead, Defendants advanced this argument for the first time in a Supplemental Submission that [Magistrate Judge Ricardo] requested to answer three distinct questions," Report at 18, none of which directly concerned this particular issue. The Report then noted that

4

"Defendants' new argument could be disregarded due to their failure to present it during briefing of the motions." This Court agrees, and declines to consider the merits of it on appeal. *Cf. N.J. v. N.Y.C. Dep't of Educ.*, No. 18 Civ. 6173, 2021 WL 965323, at *13 (S.D.N.Y. Mar. 15, 2021) ("Arguments raised for the first time in a reply brief, however, need not be considered.").[2] This objection is therefore overruled.

### C. Remand to Determine Transportation Costs, Including Late Fees

Finally, the Report recommended that this case be remanded to the IHO for further determinations as to payments for transportation through a private company, Sisters Travel and Transportation Services LLC ("Sisters"). The Report noted some skepticism that any such payments should include late fees, but left that question to determination by the IHO in the first instance. *See* Report at 28-29. Defendants object in part, arguing that there is no need for the IHO to determine the issue of late fees, which Defendants argue are unavailable here. *See* Defs.' Obj. at 8-9. For her part, Mondano objects, arguing that no remand is necessary and that this Court should determine that she is entitled to all transportation costs under her agreement with Sisters, including late fees. For the reasons stated below, the parties' objections are overruled.

As to Mondano's contention that this Court should determine that she is entitled to transportation fees, the Report correctly noted that there is no administrative order in place that has determined what amount DOE must pay for transportation under the contract with Sisters currently at issue (i.e., for the 2024-2025 school year). Under these circumstances, remand to the IHO is appropriate. *See,* e.g.*, Davis v. Banks,* No. 22 Civ. 8184, 2023 WL 5917659, at *5 (S.D.N.Y. Sept. 11, 2023) (citations omitted). Plaintiff's objection is therefore overruled.

---

[2] Because the Court does not consider Defendants' belatedly raised argument on this point, it does not fully address the Report's rejection of it on the merits.

As to the issue of late fees, the Court agrees with the Report that the IHO should determine this question in the first instance given the underdeveloped record on this issue, and Defendants' objection in this regard is overruled.  The Court notes, however, that any such claim appears unlikely to succeed.  As the Second Circuit has explained, the IDEA generally does not require that tuition[3] be funded prospectively; rather, "[t]he DOE must first withhold payments that have actually accrued before Plaintiffs can seek those payments in court."  *Mendez v. Banks*, 65 F.4th 56, 61 (2d Cir. 2023).  Applying that logic, another court in this District recently rejected a claim for late fees analogous to the one asserted here (i.e., where such fees are not included in the pendency order), concluding that "[t]he argument that DOE was obligated to make prospective tuition payments in January 2025 or incur substantial late fees based on a contract to which it is not a party and had no part in negotiating stands in direct contradiction of the Second Circuit's decision in *Mendez*."  *Chaperon v. Banks*, No. 24 Civ. 5135, 2025 WL 2207908, at *9 (S.D.N.Y. Aug. 4, 2025).  That is, if Defendants have no obligation to pay for tuition prospectively, they cannot be held liable for late fees associated with a failure to pay prospectively, particularly when those fees are separate and apart from the costs of tuition (or, in this case, transportation) itself, and are set forth in a private contract to which DOE is not a party.  *See id.* ("[R]equiring Defendants to pay late fees in accordance with a private contract runs contrary to the principle that, under IDEA, DOE is only required to pay pendency tuition retroactively, not prospectively.").  Numerous other courts in this District have agreed.  *See, e.g.*, *Thomas v. Banks*, No. 24 Civ. 5138, 2026 WL 100753, at *4 (S.D.N.Y. Jan. 14, 2026); *Davis v. Aviles-Ramos*, No. 25 Civ. 7555, 2026 WL 44725,

---

[3] The dispute here concerns late fees for transportation costs, rather than for tuition.  But, as Mondano notes, transportation costs are treated like tuition costs under the IDEA.  *See* Pl.'s Obj. at 2 (citing, *inter alia, L.V. v. N.Y.C. Dep't of Educ.*, No. 3 Civ. 9917, 2021 WL 663718 (S.D.N.Y. Feb. 18, 2021)).

6

at *5 (S.D.N.Y. Jan. 7, 2026); *Beckford v. Aviles-Ramos*, No. 24 Civ. 9930, 2025 WL 2781539, at *4 (S.D.N.Y. Sept. 30, 2025).

Mondano cites one case in which late fees were awarded, *Mendez v. Aviles-Ramos*, No. 25 Civ. 1096, 2025 WL 2793755, at *6-7 (S.D.N.Y. Oct. 1, 2025). *See* Pl.'s Obj. at 5. But as Judge McMahon noted in her opinion in that decision, it was distinguishable from *Chaperon*, because unlike in *Chaperon*, the fees in Judge McMahon's case were not sought in connection with DOE's pendency obligations. *See Mendez*, 2025 WL 2793755, at *6; *see also Thomas*, 2026 WL 100753, at *4. Given that the IHO has not yet addressed this issue, it is unclear whether the logic of *Mendez* might be applicable here. Accordingly, this is an issue that should be decided by the IHO in the first instance.

## CONCLUSION

It is hereby **ORDERED** that the Report is **ADOPTED IN FULL**. Plaintiff's motion for summary judgment is **GRANTED**, and Defendants' motion for summary judgment is **DENIED**. The parties are directed to meet and confer and to submit a proposed judgment in accordance with this Order within fourteen (14) days.

The Clerk of Court is respectfully directed to close the motions at ECF Nos. 26 and 34.

Dated:  March 2, 2026
       New York, New York

_____

DALE E. HO

United States District Judge
